# The Toledo, Peoria and Warsaw Railway Co.

## v.

## Allen M. Eastburn.

1. JUDGMENT—*may be rendered in vacation, and, if not set aside or modified at next term, becomes final.* Under section 47, chapter 37, of Revised Laws 1874, when a cause is taken under advisement, and decided in vacation, judgment may be entered in vacation, and when so entered, if not set aside or modified at the next term of court, it becomes final.

2. Where a cause was taken under advisement, and decided in vacation, and a judgment rendered in vacation, and no steps were taken in the matter at the next term of court, but, at a subsequent term, another and different judgment was rendered, it was *held*, that the first judgment was final, and that the second judgment was erroneous, the court having no jurisdiction to render it.

3. Where a judgment was rendered in vacation, and the record showed no action of the court in the matter at the next term, but the bill of exceptions contained a statement that a petition and motion for a rehearing was filed at that term, and that the court expressed the opinion that the judgment rendered in vacation was void, and refused to entertain the motion for a rehearing, it was *held*, that the record remained in the same condition as if no action had been taken at that term, and that, after the expiration of that term, the judgment rendered in vacation became final,

and that the court had no jurisdiction to render another judgment at a subsequent term.

4. Same—*effect of reversal of the second of two, rendered in the same case.* Where an appeal is taken from a judgment rendered by the county court to the circuit court, and judgment of reversal rendered by the circuit court in vacation, and no action taken in the matter at the next term of the circuit court, and, at a subsequent term of the circuit court, a different and final judgment is rendered, and this last judgment is reversed in the Supreme Court, for want of jurisdiction in the circuit court to render it, the effect is, to leave the cause for trial in the county court, under the first judgment of reversal in the circuit court.

Appeal from the Circuit Court of Iroquois county; the Hon. N. J. Pillsbury, Judge, presiding.

Messrs. Ingersoll & Puterbaugh, and Mr. W. S. Bush, for the appellant.

Messrs. Blades, Kay & Evans, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action, brought by appellee in the county court of Iroquois county, to recover of appellant the value of certain animals killed by appellant on its road. At the January term. 1873, of the county court, a trial was had before a jury, resulting in a verdict and judgment in favor of appellee for $371.12.

Appellant prosecuted an appeal to the circuit court, under section 3 of an act to increase the jurisdiction of county courts. Laws of 1871–2, page 325.

At the August special term, 1873, of the circuit court, the transcript of the record shows an order which reads as follows: "This day comes the plaintiff, by Blades & Kay, his attorneys; comes, also, the defendant, by Roff & Thompson, its attorneys; and, by agreement thereof, this cause is submitted to the court for a hearing. and the court having taken this cause under consideration and advisement until the next term thereof, this cause is continued."

At the next term of the court, which was held in November following, the record proper is silent as to what action was taken in the cause. The bill of exceptions, however, shows another submission of the cause.

On the 9th day of January, 1874, the judge, in vacation, filed with the clerk a written decision, reversing the judgment of the county court, and remanding the cause for another trial, upon which a judgment in due form was entered upon the record.

The record of the proceedings of the court show no action taken in the cause at the following March or June terms of the court, but at the November term, 1874, the record shows a *remittitur* of $50 entered by the plaintiff, and a judgment of $321.12 rendered by the court in favor of the plaintiff, and against the defendant, to reverse which this appeal has been brought.

The record before us presents the anomaly of two judgments in full force and effect, one in favor of the plaintiff in the action and the other in favor of the defendant.

The questions presented by the record, as we understand it, then, are these: If the judgment rendered in favor of the defendant on the 9th day of January, 1874, was absolutely void, as claimed by appellee, then it would be necessary to inquire whether the judgment rendered at the November term, 1874, was justified by the facts before the court. If, on the other hand, that judgment was not void, then it was error for the court to render the last judgment, when a final judgment was upon the record, which finally and definitely disposed of the cause.

The main inquiry, then, is, was the judgment of January 9, 1874, void?

Section 47, chapter 37, Revised Laws of 1874, which was enacted in 1859, and was in force at the time the judgment was rendered, declares, " When a cause or matter is taken under advisement by a judge of a circuit court, or of the Superior Court of Cook county, and the cause or matter is

decided in vacation, the judgment, decree or order therein may be entered of record in vacation, but such judgment, decree or order may, for good cause shown, be set aside or modified, or excepted to, at the next term of the court, upon motion filed on or before the second day of the term, of which motion the opposite party, or his attorney, shall have reasonable notice. If not so set aside or modified, it shall thereupon become final."

This record discloses the fact that, at the August term, 1873, the issue involved in the case was submitted to the court for decision, and taken under advisement, and held under advisement until the decision was rendered on the 9th day of January, 1874. Under the statute, the court had the power to render its decision in vacation, and the clerk the power to enter the judgment, and the judgment would become final after the expiration of the next term, unless modified or set aside. The judgment was, therefore, not void, but expressly authorized by the statute.

Unless, therefore, the judgment was modified or set aside, as provided by the statute, it must be regarded as final and conclusive between the parties. The record shows no action taken in the cause at the March or June terms, but the bill of exceptions contains a statement that, at the March term, the plaintiff filed his petition and entered his motion in said cause for a rehearing, and it having been admitted by the plaintiff that, after the opinion was filed and the judgment of reversal entered, the cause had, at the instance of plaintiff, been remanded back to and placed on the docket of the county court. The defendant thereupon excepted to the jurisdiction of the circuit court to further consider the cause. The court, upon consideration of the matter, stated and gave it as its opinion that all the proceedings had in vacation were void, and the cause stood the same as if no judgment had been entered therein, and refused to entertain a motion for a rehearing.

While the views expressed by the court, as shown in the bill of exceptions, were contrary to the section of the statute

cited *supra*, yet, as the court decided nothing, but left the judgment entered in vacation in full force, the record remains in the same condition as if the plaintiff had taken no action whatever in the case at the March term.

It, then, follows, that after the expiration of the March term, no action having been taken by the court in regard to the judgment entered in vacation, that judgment became final, and when, at the following November term, the court assumed to enter a *remittitur*, and render another final judgment in the cause, it was acting without jurisdiction.

Had the court, at the March term, set aside the judgment entered in vacation, or continued a motion for that purpose to a subsequent term of the court, and then entered an order setting it aside, then the court would have possessed the power to enter such a judgment in the case as was warranted by the record before it.   But such was not done.

As the proceedings in the cause appear by the record upon which we are called to act, the judgment of the circuit court rendered at the November term, 1874, will have to be reversed, which will leave the cause pending in the county court for trial, under the judgment of the circuit court entered January 9, 1874.

*Judgment reversed.*

Mr. Justice Dickey does not concur in the positions stated in this opinion.*

---

*This cause was submitted at the September term, 1875, but was not finally disposed of until after Mr. Justice Dickey came upon the Bench.